IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HEON JONG YOO, <br> aka Hank Yoo, <br> Reg. No. 27731-078, <br>    Plaintiff, <br><br> v. <br><br> FBI NICS, et al., <br><br>    Defendants. | § § § § § § § § § § § § | Civil Action No. 4:20-cv-665-P |

**OPINION and ORDER OF PARTIAL DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)**

This case is before the Court for review of pro-se-inmate/plaintiff Heon Jong Yoo's pleading under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Yoo filed a handwritten complaint/petition for mandamus relief.[1] Compl. ECF No. 1. After reviewing

---

[1] The Court previously imposed the fee assessment and collection procedures of the Prison Litigation Reform Act ("PLRA"), which requires Yoo to pay the full filing fee from his inmate trust account. (Orders, ECF No. 6,10). Yoo has challenged that determination by filing a motion for reconsideration, claiming that this action is not subject to the PLRA. Even though labeled as a mandamus action, because Yoo seeks declaratory, injunctive and mandamus type relief directing FBI officials to take certain actions, the case was properly deemed subject to the fee requirements of the PLRA. *See generally See In re Jacobs,* 213 F.3d 289, 290 n.1 (5th Cir. 2000) ("The nature of the underling action determines whether the fee requirements of the PLRA are to apply in a mandamus case") (citing *In re Stone*, 118 F.3d 1032, 1033 (5th Cir. 1997)); s*ee also In re Crittendon*, 143 F.3d 919, 920 (5th Cir. 1998) (citing *Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997)). The undersigned also observes that courts outside the Fifth Circuit have held that actions seeking mandamus relief to compel an employee of the United States to perform a duty under 28 U.S.C. § 1361 are subject to the filing fee collection procedures of the PLRA. *See, e.g.*, *Martin v. Grimshaw*, 198 F.3d 248 (Table), 1999 WL 1021705, at *1 (6th Cir. 1999) (mandamus action under 28 U.S.C. § 1361 is a "civil action" for purposes of PLRA); *Hamani v. Director Federal Bureau of Prisons*, Civil Action No. 11-2780 (JEI), 2011 WL 2112306 (D.N.J. May 25, 2011) (same as to mandamus actions under § 1361--collecting cases--citations omitted). Thus, Yoo's motion for reconsideration (ECF No. 13) is **DENIED**.

the complaint, the Court finds that Yoo's claims against the individual defendants must be dismissed, and that Yoo will be authorized to serve his remaining claims upon the FBI.

## I. PLAINTIFF'S PLEADING

In his handwritten pleading, Yoo lists only two defendants, former appellate attorney Charles Van Cleef, and the Federal Bureau of Investigation ("FBI") National Instant Criminal Background Check System ("NICS").[2] Compl. 1-2, ECF No.1. He claims that the FBI wrongly listed information in the NICS system that caused him to be found guilty of a violation of 18 U.S.C. § 922(g)(4). Compl. 1, ECF No. 1. Yoo was in fact convicted of possession of a firearm by a prohibited person, in violation of § 922(g)(4), but that conviction was reversed by the Fifth Circuit. *United States v. Yoo*, 813 F. App'x 949, 954-55 (5th Cir.)("We conclude that Yoo's temporary hospitalization based on an ex parte order, signed by a judge without a hearing, does not constitute 'commitment to a mental institution' within the meaning of § 922(g)(4)"), *cert. denied*, 131 S. Ct. 904 (2020). After that appeal was resolved, Yoo filed this civil action.

Yoo seeks relief under three separate statutes. Compl. 1, 5, ECF No. 1. He seeks relief under 28 U.S.C. § 1361 which provides jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 23 U.S.C. § 1361. He also seeks relief under 18 U.S.C. § 925A, which provides a remedy against a State or political subdivision, or against the United States, for one who was denied a firearm under certain sections of 18 U.S.C. § 922. Yoo also seeks relief under

---

[2] Yoo also makes one reference to a "Brian Barker" in relation to the actions of the FBI staff. Compl. 5, ECF No. 1.

34 U.S.C. § 40911(c)(3), which proscribes the notice requirements that must be given when any "Federal department or agency" conducts a proceeding "to adjudicate a person as a mental defective under § 922(d)(4) or § 922(g)(4) of Title 18." 34 U.S.C. § 40912(c)(3). Yoo also claims to have been denied due process of law. Compl. 7, ECF No. 1.

Because of the particular unique nature of Yoo's claims, the Court recites the text of the bulk of his pleading:

> I.     Statement of Facts
>
> On [April 5, 2013] the Rutgers Police Department transported me to the Robert Wood Johnson University Hospital Emergency Room. Shortly after, I was transported to the Carrier Clinic. A hearing was scheduled on [April 23, 2013], however, I was released prior to the hearing on [April 19, 2013] under administrative discharge, and the hearing never took place. The FBI NICS labeled me "adjudicated mentally defective" and never informed me of the entry.
> On [September 21, 2015], the Rutgers Police Department transported me to the Robert Wood Johnson University Hospital Emergency Room. Shortly after, I was transported to the Carrier Clinic. A hearing was scheduled on [October 6, 2015], however I was released prior to the hearing on [September 30, 2015] under administrative discharge, and the hearing never took place. The FBI/NICS labeled me "adjudicated mentally defective/committed to a mental institution" and never informed me of the entry.
>
> On April 6, 2018, the FBI and the ATF arrested me in Tyler, Texas. I was charged with 18 U.S.C. § 924(a)(1)(A) and 922(a)(6), which was superceded with 922(g)(4) and 924(a)(1)(A). The trial occurred from [November 13, 2018 to November 15, 2018], and the jury returned guilty verdicts on all counts. I appealed the conviction, sentence, and forfeiture to the 5th Circuit. On [June 4, 2020], the panel reversed the conviction for 922(g)(4).
>
> II.    Argument
>
> The 5th Circuit Panel reversed the conviction for 922(g)(4) based on the fact: there was no adversary hearing which the due process for mental health

3

commitment required, and I was administratively discharged prior to the hearing on both occasions. See 34 U.S.C. § 40911(c)(1)(C); *Addington v. Texas*, 441 U.S. 418, 425 (1979); *United States v. Rehlander*, 666 F. 3d 45, 48 (1st Cir. 2012) (citing *D.C. v. Heller*, 554 U.S. 570 (2008); *United States v. Giardina*, 861 F.2d 1334 (5th Cir. 1988) for further reference. Because I never went through an adversary hearing the FBI NICS should have NEVER labelled [sic] me "adjudicated mentally defective/committed to a mental institution." However, due to the FBI NICS incompetence, malice, or both, I suffered significant irreparable harm and undue burden, including but not limited to current imprisonment and disqualification from military enlistment; not just firearm purchase denial.

I also raised the issue of not being notified by the FBI NICS, as I am entitled to by 34 U.S.C. § 40911(c)(3). The FBI NICS', not failure, but refusal to notify me has resulted with my inability to promptly challenge the fraudulent entries to pursue my dream career: the US military, along with other goals in my life. This is a significant misconduct if not criminal conduct, by the FBI NICS staff, especially Brian Barker. For reasons unknown, the 5th Circuit panel for the case 19-40465 refused to address this argument, and did not even mention this argument nor fact once within their opinion. *See Rehaif v. United States*, 139 S. Ct. 2191 (2019).

III.   Conclusion

I should have NEVER been labelled [sic] 922(g)(4) prohibited person with the FBI NICS system pursuant to the letter and color of the law. However, I was fraudulently labelled [sic] as such, and was never notified of them, which has greatly caused me undue burden and irreparable harm, depriving me of life, liberty, and property without the due process of law. This must stop and be immediately properly remedied. Therefore, I respectfully request the court to compel FBI NICS to remove the two 922(g)(4) prohibited person labeling entries: For 2013, NRI 1630406673-- 922(g)(4) dating [April 19, 2013]; For 2015, NRI 1726660288-- 922(g)(4) dating [September 25, 2015].

Compl. 3-6, ECF No. 1 (citations to "ROA" (apparently Record on Appeal) omitted).

## II.   PRELIMINARY SCREENING UNDER § 1915A and § 1915(e)(2)(B)

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a

prisoner seeking redress from a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor a "formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III.    ANALYSIS

#### A.    No Claims for Relief under the Constitution

The Court addresses first Yoo's reference to seeking recovery for a violation of his right to due process of law.  Because he complains of the deprivation of a right or privilege of a citizen of the United States, and as he seeks recovery for violation of his constitutional rights, the Court construes this portion of his pleading as asserting a claim for violation of constitutional rights under *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics* (*"Bivens"*), 403 U.S. 388 (1971). In the *Bivens* case, the Supreme Court recognized an individual's right to seek recovery for violation of constitutional rights by a person acting under color of federal law. 403 U.S. at  297. *Bivens* is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors.  *See Evans v. Ball,* 168 F.3d 856, 863  n.10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), *overruled on other grounds*, *Castellano v. Fragozo,* 352 F.3d 939, 948-49 & n.36 (5th Cir. 2003). A *Bivens* claim, however, is not authorized against a federal agency. *Federal Deposit Insurance Corp. V. Meyer*, 510 U.S. 471, 484-86 (1994).  Yoo may not obtain relief for violation of his constitutional rights against the FBI. Thus, Yoo's constitutional claim against the FBI must be dismissed.

As noted above, Yoo has named as a defendant his appellate counsel Charles Van Cleef as a defendant. Yoo does not actually argue any involvement of Van Cleef with the allegations in his pleading. To the extent Yoo asserts a constitutional claim against Van Cleef, Yoo fails

6

to show Van Cleef acted under color of law. As a general rule a defense attorney in a federal criminal action does not qualify as a federal actor for purposes of *Bivens*. *Cf. Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (holding that a defense attorney does not qualify as a state actor for purposes of § 1983); *Small v. Dallas County*, 170 F. App'x 943, 944 (5th Cir. 2006) (same). Thus, to the extent Yoo named Van Cleef on his constitutional claim, such claim must be dismissed.

### B. No Statutory Violations by Attorney Van Cleef

Other than his reference to a constitutional violation which the Court has dismissed, on all of his other statutory claims, attorney Van Cleef cannot be liable. First under 28 U.S.C. § 1361, relief may be sought against an "officer or employee of the United States or any agency thereof . . . ." 28 U.S.C. § 1361. Van Cleef is not alleged to be an officer or employee of the United States. Likewise, 18 U.S.C. § 1925A does not authorize relief against an individual but instead provides for an action against a State or political subdivision or against the United States. Van Cleef is neither. Lastly, although Yoo recites a failure to receive proper notice of the mental defect adjudication hearing under 34 U.S.C. § 40911(c)(3), Van Cleef could not have been involved in the facts underlying that claim.

For all of these reasons, all of Yoo's claims against Charles Van Cleef must be dismissed.

### C. No Facts Asserted Against Brian Barker

Although Yoo did not name Brian Barker as a defendant, he referred to Barker as a member of the FB BICS staff. Compl. 5, ECF No. 1. But to assert a *Bivens* claim against a

federal agent in an individual capacity requires a showing of personal involvement. *Guerrero-Aguilar v. Ruano*, 118 F. App'x 832, 833 (5th Cir. 2004). Other than listing Barker's name, Yoo does not allege any facts against him. Thus, Yoo's claims against Barker must be dismissed.

## IV.  SERVICE OF REMAINING CLAIMS[3]

As noted above, Yoo has claims remaining against the FBI for violation of several statues. Compl. 3-8, ECF No. 1. On the facts presented by Yoo at this preliminary stage of the proceeding, and having been informed that Yoo's 18 U.S.C. § 922(g)(4) conviction was reversed, the Court finds that Yoo has alleged enough facts to warrant requiring a responsive pleading on behalf of the FBI. Thus, the Court will allow service of Yoo's remaining claims upon the FBI through the assistance of the officers of the Court under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3). *See Rochon v. Dawson*, 828 F.2d 1107, 1109-1110 (5th Cir.1987).[4]

## V.  ORDER

It is therefore **ORDERED** that all of Heon Jong Yoo's constitutional claims are

---

[3] Because the case is subject to statutory screening, service of process was withheld pending the Court's completion of that review. Yoo was informed of this when the Court issued the PLRA Filing Fee Order. Order ¶ 3, ECF No. 6 ("Service of process shall be withheld pending judicial screening pursuant to 28 U.S.C. § 1915(e)(2)"). In spite of this order, Yoo has filed for a motion for default judgment. Because none of the defendants has been served with summonses issued from this Court, and as none of the defendants could be served unless the Court authorized such service, Yoo's motion for default judgment (ECF No. 14) is **DENIED**.

[4] A separate order will issue regarding service of the pleading upon the FBI.

**DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further **ORDERED** that all of Heon Jong Yoo's claims against Charles Van Cleef are **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further **ORDERED** that to the extent Heon Jong Yoo asserts a claim against Brian Barker, such claim is **DISMISSED without prejudice** to refiling under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED** this **20th day** of **April, 2021.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE