IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| HEON JONG YOO, § <br> aka Hank Yoo, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> FBI NICS, et al., § <br> § <br> Defendants. § | Civil Action No. 4:20-cv-665-P |

## OPINION and ORDER GRANTING MOTION TO DISMISS

In this case, plaintiff/petitioner Heon Jong Yoo alleges that the National Instant Criminal Background Check System ("NICS") improperly listed him as a "prohibited person" for purposes of possessing or receiving a firearm. Pet. 1-4, Compl. ECF No. 1. By Opinion and Order of Partial Dismissal issued under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B), the Court dismissed all of Yoo's constitutional claims and all of his claims against Charles Van Cleef with prejudice, and dismissed any claims against Brian Barker without prejudice. Op. and Order 1-9, ECF No. 15. The Court authorized service of process of Yoo's remaining claims upon the Federal Bureau of Investigation ("FBI"). *Id.* at 8. Now pending is the FBI's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), along with an appendix thereto. Mot. Dis., ECF No. 30; App., ECF No. 31. Yoo timely filed a response, and the FBI also filed a reply. ECF Nos. 34, 36. After review and consideration of the motion to dismiss, response, reply, and applicable law, the Court finds that the motion to dismiss must be granted.

## BACKGROUND

**A.    Yoo is convicted on various firearms-related charges.**

Yoo, a citizen of South Korea, was previously convicted in the U.S. District Court for the Eastern District of Texas of seven counts of making a false statement to a federally licensed gun dealer, and one count of possession of a firearm by a prohibited person. *See United States v. Yoo*, 813 F. App'x 949, 950–51 (5th Cir.), *cert. denied*, 131 S. Ct. 904 (2020). The false statement counts were based on various occasions in which Yoo lied about his citizenship by falsely claiming to be a U.S. citizen when trying to buy firearms. *Id*. at 951. The possession count was for a violation of 18 U.S.C. § 922(g)(4), which prohibits anyone who has been previously "committed to a mental institution" from possessing a firearm. *Id*. at 952. Yoo was sentenced to a 60-month term of imprisonment on each false-statement count, and a 97-month term of imprisonment on the § 922(g)(4) count, all to be served concurrently. App. 1-2 (Judgment), ECF No. 31. On direct appeal, the Fifth Circuit affirmed Yoo's convictions for the seven false statement counts, but reversed as to the § 922(g)(4) count. *Yoo*, 813 F. App'x at 954-55 (5th Cir.) ("We conclude that Yoo's temporary hospitalization based on an ex parte order, signed by a judge without a hearing, does not constitute 'commitment to a mental institution' within the meaning of § 922(g)(4)"). On remand, Yoo was re-sentenced to a 41-month term of imprisonment on each of the seven surviving false-statement counts, to be served concurrently. App. 8-9 (Amended Judgment), ECF No. 31.

**B.      Yoo completes his prison term, is then taken into immigration custody, and has now been removed from the country.**

Yoo completed his revised term of imprisonment on May 13, 2021 and was released from the custody of the Federal Bureau of Prisons ("BOP") at that time. See www.bop.gov (Search Heon Yoo shows release date of May 13, 2021). He was then immediately taken into immigration custody by U.S. Immigration and Customs Enforcement in connection with removal proceedings against him. Not. Change Address, ECF No. 22; Notice of Appeal, ECF No. 26.  On June 30, 2021, Yoo was ordered removed from the country by an immigration judge. App. 16-24 (Removability Determination), ECF No. 31.  He then waived appeal of the immigration judge's order. App. 27–30, ECF No. 31.  On July 29, 201, Yoo was removed to South Korea. Notice of Plaintiff's Removal 1-3, ECF No. 35.[1]

## YOO'S PLEADING

Yoo filed this lawsuit while incarcerated in the BOP FMC-Fort Worth facility. Compl. 2, ECF No. 1.Seeking injunctive relief, Yoo claims that he was improperly classified as a "prohibited person" within the NICS because the Fifth Circuit has now held that the prior civil-commitment proceedings against him in New Jersey did not constitute disqualifying mental commitments for purposes of section 922(g)(4). *Id*. at  4–5. Yoo's remaining claims are for relief under three separate statutes. Compl.  1, 5, ECF No. 1. He seeks relief under 28 U.S.C. § 1361 which provides jurisdiction "in the nature of mandamus to compel an officer

---

[1] Yoo has also filed a "Motion to Compel" related to the collection of the filing fee under the PLRA. As Yoo has been removed to South Korea, the motion to compel (ECF No. 33) must be **DENIED** as moot.

3

or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 23 U.S.C. § 1361. He also seeks relief under 18 U.S.C. § 925A, which provides a remedy against a State or political subdivision, or against the United States, for one who was denied a firearm under certain sections of 18 U.S.C. § 922. Yoo also seeks relief under 34 U.S.C. § 40911(c)(3), which proscribes the notice requirements that must be given when any "Federal department or agency" conducts a proceeding "to adjudicate a person as a mental defective under § 922(d)(4) or § 922(g)(4) of Title 18." 34 U.S.C. § 40912(c)(3).

### ANALYSIS

**A. Yoo fails to establish subject-matter jurisdiction for his claims against the FBI.**

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted).

"Standing is an issue of subject matter jurisdiction, and thus can be contested by a Rule 12(b)(1) motion to dismiss." *Little v. Tex. Attorney Gen.*, No. 3:14-CV-3089-D, 2015 WL 5613321, at *2 n.5 (N.D. Tex. Sept. 24, 2015) (internal quotation marks and citation omitted), *aff'd sub nom.*, *Little v. Obryan*, 655 F. App'x 1027 (5th Cir. 2016). The "irreducible constitutional minimum of standing contains three elements": (1) a concrete and particularized

injury; (2) fairly traceable to the defendant's challenged action; and (3) likely redressable by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 561 (1992).

After review and consideration of whether Yoo can establish standing, the Court finds that Yoo cannot show any of the necessary elements to establish standing for the reasons set forth in the FBI's motion to dismiss at Section II(A) on pages 5-7. As such, Yoo's claims against the FBI must be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction.

**B.     Alternatively, Yoo fails to state any claim upon which relief may be granted.**

Alternately, the Court finds that Yoo's complaint must be dismissed for failure to state a claim upon which relief may be granted. A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is generally viewed with disfavor. *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997). The court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Bustos v. Martini Club Inc*, 599 F.3d 458, 461 (5th Cir. 2010) (citing *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)). Rule 12 must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court and calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court cannot look beyond the face of the pleadings in resolving a Rule 12(b)(6) motion. *Doe ex rel. Magee v. Covington Cnty, Sch. Dist.*, 649 F.3d 335, 341 (5th Cir. 2011) (explaining that "[w]e examine only the allegations within the four corners of the complaint"), *aff'd on rehearing en banc*, 675 F.3d 849 (5th Cir. 2012). A plaintiff, however,

must plead specific facts, not mere conclusory allegations, to avoid dismissal. *See Schultea v. Wood*, 47 F.3d 1427, 1431 (5th Cir. 1995) (en banc); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (citation omitted)). Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As the United States Supreme Court explained in *Bell Atlantic Corp. v. Twombly,* the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and his "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), to the extent the Court concluded therein that a plaintiff can survive a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief"). Then, in *Ashcroft v. Iqbal,* the Supreme Court clarified that review of a 12(b)(6) motion is guided by two principles: (1) a court must apply the presumption of truthfulness only to factual matters and not to legal conclusions; and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678-680. If the pleadings fail to meet the requirements of *Iqbal* and *Twombly* no viable claim is stated and the pleadings are subject to dismissal.

For the reasons stated in the FBI's motion to dismiss at pages 8-10, Yoo has failed to state a claim for relief under any of the statutory authorities he relies upon. With regard to 34 U.S.C. § 40911(c)(3), no facts have been pled showing that statute to be applicable or that the statute itself actually creates a private right of action. As to Yoo's claims under the statute applicable to "erroneous denial of a firearm" under 18 U.S.C. § 925A, Yoo fails to recite any facts of an attempt to purchase a firearm that was denied. Finally, Yoo's reliance on the mandamus statute, 28 U.S.C. § 1361, is unavailing because Yoo has not recited any clear duty to act, or that no adequate alternative remedy exists.

As a result, the remaining claims in Yoo's complaint for mandamus relief must alternatively be dismissed for failure to state a claim upon which relief may be granted.

### ORDER

It is therefore **ORDERED** that the FBI's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) is **GRANTED**, such that Yoo's remaining claims in the complaint for mandamus relief must be **DISMISSED** for lack of jurisdiction, and alternatively, **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO ORDERED** this **20th day** of **August, 2021.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE